# **<u>EXHIBIT 9</u>**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | |
|---|---|
| Dynamic 3D Geosolutions LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:14-cv-00112-LY |
| Schlumberger Limited (Schlumberger N.V.) et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Acacia Research Corporation, by and through its registered agent for service,
        Registered Agent Solutions, Inc., 1679 S. DuPont Highway, Suite 100, Dover, DE  19901

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Exhibit A attached hereto.

| Place: Latham & Watkins, LLP | Date and Time: |
|---|---|
| 650 Town Center Drive, 20th Floor<br>Costa Mesa, CA  92626-1925 | 10/02/2014 3:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     09/11/2014

CLERK OF COURT

_____           OR     *Paige L. Amstutz*
Signature of Clerk or Deputy Clerk                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants**
Schlumberger Limited (Schlumberger N.V.) et al.                        , who issues or requests this subpoena, are:
Paige Arnette Amstutz, 600 Congress Avenue, Suite 1500, Austin, TX  78701, pamstutz@scottdoug.com, 512-495-6343

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:14-cv-00112-LY

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                    *Server's signature*

                                             _____
                                                     *Printed name and title*

                                             _____
                                                       *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS

1.       "Litigation" means Civil Action 1:14-cv-00112-LY; *Dynamic 3D Geosolutions LLC v. Schlumberger Limited (Schlumberger N.V.), Schlumberger Holdings Corporation and Schlumberger Technology Corporation*; In the United States District Court for the Western District of Texas, Austin Division.

2.       "Schlumberger" means Schlumberger Limited and all of its subsidiaries, and any person or entity acting, or purporting to act, on behalf of Schlumberger including, but not limited to, all officers, directors, employees, agents, consultants, attorneys and predecessors of Schlumberger.

3.       "Petrel" refers to any version of Schlumberger's Petrel E&P software product, including any patents assigned to Schlumberger.

4.       "Dynamic Geo" and "Plaintiff" mean Dynamic 3D Geosolutions LLC and any person or entity acting, or purporting to act, on behalf of Dynamic Geo including, but not limited to, all officers, directors, managers, agents, consultants, contractors, employees, attorneys, predecessors, successors, parent, subsidiaries, divisions, affiliates, assigns and representatives.

5.       "Rutherford" means Charlotte H. Rutherford and any representative acting, or purporting to act, on her behalf including, but not limited to, all agents, employees, attorneys, consultants, and other representatives.

6.       "Collins Edmonds" means Collins, Edmonds, Pogorzelski, Schlather & Tower, PLLC and any person or entity acting, or purporting to act, on behalf of Collins Edmonds including, but not limited to, all officers, directors, managers, agents, consultants, contractors, employees,

attorneys, predecessors, successors, parent, subsidiaries, divisions, affiliates, assigns and representatives.

7.    "Acacia" means Acacia Research Corporation and any person or entity acting, or purporting to act, on behalf of Acacia including, but not limited to, all officers, directors, managers, agents, consultants, contractors, employees, attorneys, predecessors, successors, parent, subsidiaries, divisions, affiliates, assigns and representatives.

8.    "Acacia Technologies" means Acacia Technologies LLC and any person or entity acting, or purporting to act, on behalf of Acacia Technologies including, but not limited to, all officers, directors, managers, agents, consultants, contractors, employees, attorneys, predecessors, successors, parent, subsidiaries, divisions, affiliates, assigns and representatives.

9.    "Acacia Research Group" means Acacia Research Group LLC and any person or entity acting, or purporting to act, on behalf of Acacia Research Group including, but not limited to, all officers, directors, managers, agents, consultants, contractors, employees, attorneys, predecessors, successors, parent, subsidiaries, divisions, affiliates, assigns and representatives.

10.   "Austin Geo" means Austin GeoModeling, Inc. and any person or entity acting, or purporting to act, on behalf of Austin Geo including, but not limited to, all officers, directors, managers, agents, consultants, contractors, employees, attorneys, predecessors, successors, parent, subsidiaries, divisions, affiliates, assigns and representatives.

11.   "'319 Patent" means U.S. Patent No. 7,986,319.

12.   "Document(s)" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules

2

of Evidence. "Document(s)" includes all written or recorded materials of any nature whatsoever, and further encompasses all things and matters included, defined, or listed in the Federal Rules of Civil Procedure and/or Federal Rules of Evidence.

"Document(s)" also includes, but is not limited to, all originals, non-identical copies and drafts, however produced or reproduced, whether sent, received or neither, of any of the following items: papers; letters; objects; tangible things; correspondence; memoranda; records; statements; reports or recordings of telephone or other conversations; summaries of conversations or interviews; minutes or records of meetings or conferences; opinions or reports of consultants; projections; summaries; statistical statements; account statements; financial statements; manuals; contracts; agreements; confirmations; telegrams; telexes; books; notes; notations; reports; logs; analyses; ledgers; checks; print-outs; telephone records; diaries; calendars; tape or video or other recordings; videotapes; charts; photographs; phonographs; notebooks; drawings; plans; electronic mail (e-mail); instant messages (IMs); computer disks; computer tapes; computer programs; electronic storage systems; and any other data compilations from which information may be obtained in any way.

"Document(s)" also means an authentic copy where the original is not in your possession, custody or control, and every non-identical draft and/or copy of any Document(s). If a draft Document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical Document is a separate Document.

13.    "Thing(s)" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(B) of the Federal Rules of Civil Procedure.

3

14.     "Person" or "Entity" and their plural forms include, without limitation, natural persons, law firms, partnerships, corporations, associations, and any other legal entities and divisions, departments, or other units thereof.

15.     "Communication(s)" means the transmittal of information (in the form of facts, ideas, data, inquiries, drafts, or otherwise) examples of which include, but are not limited to, any inquiry, discussion, conversation, agreement, undertaking, meeting, telephone conversation, letter, note, facsimile, telegram, telex, e-mail, internet postings, ftp or http transmissions, or other form of information exchange, whether oral, written, or electronic.

16.     "Constituting," "evidencing" and "concerning" mean describing, discussing, evidencing, concerning, reflecting, comprising, illustrating, containing, embodying, constituting, analyzing, stating, identifying, referring to, dealing with, or in any way pertaining to.

17.     The singular shall include the plural and vice versa, and the conjunctive shall include the disjunctive and vice versa, in order to give these requests their broadest scope.

## INSTRUCTIONS

1.     Produce all responsive documents in your possession, custody or control, or within the possession, custody or control of your attorneys, investigators, agents, employees or other representatives.

2.     Electronically stored information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligibly.

3.     Produce entire documents, including attachments, enclosures, cover letters, memoranda, and appendices.  All documents shall be produced in the order and in the manner that they are kept in the usual course of business, or organized and labeled to correspond with the

4

categories of these requests. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label or other means of identification of such cover or other container shall be attached to the document. Each document is to be produced along with all drafts, without abbreviation or redaction. To the extent documents are maintained in both hard copy and electronic form, produce both forms.

4.     For any document or thing otherwise responsive to these requests that you withhold on the grounds of attorney/client privilege, work product immunity, or some other privilege or immunity, provide a privilege log that provides sufficient detail to enable the claim of privilege or immunity to be adjudicated, including:

     a.     the identity of the document, communication, or thing, including the exact name and title of the document, and the number of pages, attachments, or appendices to the document, and any serial or identification numbers appearing on the document;

     b.     a general description of the document, communication, or thing;

     c.     the name of the writer, sender, or initiator of the document, communication, or thing;

     d.     the name of all recipients of the document (including the addressees and any indicated or blind copies) or persons present at the communication;
     e.     the date of the document, communication, or thing; and

     f.     the reason(s) for each objection or claim of privilege.

5.     If no documents or things are responsive to a particular request, state that no responsive documents or things exist.

6.     Any redacted document should be clearly stamped with the word "REDACTED," and the portions redacted should be clearly indicated and included within a privilege log.

7.     In the event you claim a request is overbroad, you shall produce documents and things responsive to that portion of the request that you believe is unobjectionable and

5

specifically identify the respect in which the request is allegedly overbroad. If you contend a request, definition, or instruction is vague or ambiguous, you should identify what language you consider ambiguous and state the interpretation you are using in responding.

8.     If you or your attorney know of the existence, past or present, of a requested Document but such Document is not currently in your possession, custody, or control, or in the possession, custody, or control of your agents, representatives, or attorneys, identify the Document and the individual in whose possession, custody, or control the Document was last known to reside. For a Document that no longer exists or that cannot be located, identify the Document, state how and when it passed out of existence, or when it could no longer be located, and the reason for the disappearance. Also, identify each Person having knowledge about the disposition or loss of the Document, and identify any other Document evidencing the lost Document's existence or any facts about the lost Document.

9.     If, subsequent to service of a response or objection to any request, you obtain or become aware of further documents or things pertaining to said request, you are required to serve an amended response producing such documents or things, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

10.    Please take notice that these instructions are submitted for the purposes of discovery and are not to be taken as waiving any objections which that be made at trial to the introduction of evidence on subjects covered by these requests or as an admission at the trial of the relevance or materiality of any of the matters covered by these requests.

1134806

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Documents constituting or evidencing Communications between Rutherford, on the one hand, and any Person employed by or associated in any way with Dynamic Geo, Acacia, Acacia Technologies, Acacia Research Group, Collins Edmonds and/or Austin Geo, on the other hand, concerning Schlumberger, Petrel and/or this Litigation.

**REQUEST FOR PRODUCTION NO. 2:**

Documents constituting or evidencing Communications between Rutherford, on the one hand, and any Person employed by or associated in any way with Dynamic Geo, Acacia, Acacia Technologies, Acacia Research Group, Collins Edmonds and/or Austin Geo, on the other hand, concerning claim construction, validity, willfulness, and/or a reasonable royalty with respect to the '319 Patent.

**REQUEST FOR PRODUCTION NO. 3:**

Documents constituting or evidencing Communications between any Person employed by or associated in any way with Dynamic Geo, Acacia, Acacia Technologies, and/or Acacia Research Group (other than Rutherford), on the one hand, and Collins Edmonds, on the other hand, concerning Schlumberger, Petrel and/or this Litigation.

**REQUEST FOR PRODUCTION NO. 4:**

Documents constituting or evidencing Communications between any Person employed by or associated in any way with Dynamic Geo, Acacia, Acacia Technologies, and/or Acacia Research Group (other than Rutherford), on the one hand, and Collins Edmonds, on the other hand, concerning claim construction, validity, willfulness, and/or a reasonable royalty with respect to the '319 Patent.

**REQUEST FOR PRODUCTION NO. 5:**

Documents constituting or evidencing Communications involving any Person employed by or associated in any way with Dynamic Geo, Acacia, Acacia Technologies, Acacia Research Group, Collins Edmonds and/or Austin Geo concerning Rutherford's participation in this Litigation.

**REQUEST FOR PRODUCTION NO. 6:**

Documents constituting or evidencing Communications involving any Person employed by or associated in any way with Dynamic Geo, Acacia, Acacia Technologies, Acacia Research Group, Collins Edmonds and/or Austin Geo concerning Rutherford's participation in the decision to acquire rights in the '319 Patent.

**REQUEST FOR PRODUCTION NO. 7:**

Documents constituting or evidencing Communications involving any Person employed by or associated in any way with Dynamic Geo, Acacia, Acacia Technologies, Acacia Research Group, Collins Edmonds and/or Austin Geo concerning Rutherford's participation in the decision to sue Schlumberger on the '319 Patent.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show the organizational structure of Dynamic Geo, Acacia, Acacia Technologies, and Acacia Research Group including, but not limited to, Documents that identify the officers, directors, managers, agents, consultants, contractors, employees, attorneys, predecessors, successors, parent, subsidiaries, divisions, affiliates, assigns and representatives, and any person or entity, past or present, acting on behalf of Dynamic Geo, Acacia, Acacia Technologies, and/or Acacia Research Group.

**REQUEST FOR PRODUCTION NO. 9:**

Documents constituting or evidencing Communications involving any Person employed by or associated in any way with Dynamic Geo, Acacia, Acacia Technologies, Acacia Research Group, Collins Edmonds and/or Austin Geo concerning Rutherford prior to the beginning of Rutherford's employment with Acacia, Acacia Technologies and/or Acacia Research Group on June 3, 2013.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Western District of Texas

| | | |
|---|---|---|
| Dynamic 3D Geosolutions LLC | ) | |
| *Plaintiff* | ) | Civil Action No.   1:14-cv-00112-LY |
| v. | ) | |
| Schlumberger Limited (Schlumberger N.V.) et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Acacia Technologies LLC, by and through its registered agent for service,
Registered Agent Solutions, Inc., 1679 S. DuPont Highway, Suite 100, Dover, DE  19901

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Exhibit A attached hereto.

| Place: Latham & Watkins, LLP<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, CA  92626-1925 | Date and Time:<br><br>10/02/2014 3:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     09/11/2014

CLERK OF COURT

_____          OR     *Paige A Amstutz*
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Defendants
Schlumberger Limited (Schlumberger N.V.) et al. _____ , who issues or requests this subpoena, are:
Paige Arnette Amstutz, 600 Congress Avenue, Suite 1500, Austin, TX  78701, pamstutz@scottdoug.com, 512-495-6343

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:14-cv-00112-LY

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
    **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
    **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
    **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
    **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS

1.      "Litigation" means Civil Action 1:14-cv-00112-LY; *Dynamic 3D Geosolutions LLC v. Schlumberger Limited (Schlumberger N.V.), Schlumberger Holdings Corporation and Schlumberger Technology Corporation*; In the United States District Court for the Western District of Texas, Austin Division.

2.      "Schlumberger" means Schlumberger Limited and all of its subsidiaries, and any person or entity acting, or purporting to act, on behalf of Schlumberger including, but not limited to, all officers, directors, employees, agents, consultants, attorneys and predecessors of Schlumberger.

3.      "Petrel" refers to any version of Schlumberger's Petrel E&P software product, including any patents assigned to Schlumberger.

4.      "Dynamic Geo" and "Plaintiff" mean Dynamic 3D Geosolutions LLC and any person or entity acting, or purporting to act, on behalf of Dynamic Geo including, but not limited to, all officers, directors, managers, agents, consultants, contractors, employees, attorneys, predecessors, successors, parent, subsidiaries, divisions, affiliates, assigns and representatives.

5.      "Rutherford" means Charlotte H. Rutherford and any representative acting, or purporting to act, on her behalf including, but not limited to, all agents, employees, attorneys, consultants, and other representatives.

6.      "Collins Edmonds" means Collins, Edmonds, Pogorzelski, Schlather & Tower, PLLC and any person or entity acting, or purporting to act, on behalf of Collins Edmonds including, but not limited to, all officers, directors, managers, agents, consultants, contractors, employees,

attorneys, predecessors, successors, parent, subsidiaries, divisions, affiliates, assigns and representatives.

7.     "Acacia" means Acacia Research Corporation and any person or entity acting, or purporting to act, on behalf of Acacia including, but not limited to, all officers, directors, managers, agents, consultants, contractors, employees, attorneys, predecessors, successors, parent, subsidiaries, divisions, affiliates, assigns and representatives.

8.     "Acacia Technologies" means Acacia Technologies LLC and any person or entity acting, or purporting to act, on behalf of Acacia Technologies including, but not limited to, all officers, directors, managers, agents, consultants, contractors, employees, attorneys, predecessors, successors, parent, subsidiaries, divisions, affiliates, assigns and representatives.

9.     "Acacia Research Group" means Acacia Research Group LLC and any person or entity acting, or purporting to act, on behalf of Acacia Research Group including, but not limited to, all officers, directors, managers, agents, consultants, contractors, employees, attorneys, predecessors, successors, parent, subsidiaries, divisions, affiliates, assigns and representatives.

10.     "Austin Geo" means Austin GeoModeling, Inc. and any person or entity acting, or purporting to act, on behalf of Austin Geo including, but not limited to, all officers, directors, managers, agents, consultants, contractors, employees, attorneys, predecessors, successors, parent, subsidiaries, divisions, affiliates, assigns and representatives.

11.     "'319 Patent" means U.S. Patent No. 7,986,319.

12.     "Document(s)" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules

1134806

of Evidence. "Document(s)" includes all written or recorded materials of any nature whatsoever, and further encompasses all things and matters included, defined, or listed in the Federal Rules of Civil Procedure and/or Federal Rules of Evidence.

"Document(s)" also includes, but is not limited to, all originals, non-identical copies and drafts, however produced or reproduced, whether sent, received or neither, of any of the following items: papers; letters; objects; tangible things; correspondence; memoranda; records; statements; reports or recordings of telephone or other conversations; summaries of conversations or interviews; minutes or records of meetings or conferences; opinions or reports of consultants; projections; summaries; statistical statements; account statements; financial statements; manuals; contracts; agreements; confirmations; telegrams; telexes; books; notes; notations; reports; logs; analyses; ledgers; checks; print-outs; telephone records; diaries; calendars; tape or video or other recordings; videotapes; charts; photographs; phonographs; notebooks; drawings; plans; electronic mail (e-mail); instant messages (IMs); computer disks; computer tapes; computer programs; electronic storage systems; and any other data compilations from which information may be obtained in any way.

"Document(s)" also means an authentic copy where the original is not in your possession, custody or control, and every non-identical draft and/or copy of any Document(s). If a draft Document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical Document is a separate Document.

13.    "Thing(s)" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(B) of the Federal Rules of Civil Procedure.

14.     "Person" or "Entity" and their plural forms include, without limitation, natural persons, law firms, partnerships, corporations, associations, and any other legal entities and divisions, departments, or other units thereof.

15.     "Communication(s)" means the transmittal of information (in the form of facts, ideas, data, inquiries, drafts, or otherwise) examples of which include, but are not limited to, any inquiry, discussion, conversation, agreement, undertaking, meeting, telephone conversation, letter, note, facsimile, telegram, telex, e-mail, internet postings, ftp or http transmissions, or other form of information exchange, whether oral, written, or electronic.

16.     "Constituting," "evidencing" and "concerning" mean describing, discussing, evidencing, concerning, reflecting, comprising, illustrating, containing, embodying, constituting, analyzing, stating, identifying, referring to, dealing with, or in any way pertaining to.

17.     The singular shall include the plural and vice versa, and the conjunctive shall include the disjunctive and vice versa, in order to give these requests their broadest scope.

## INSTRUCTIONS

1.     Produce all responsive documents in your possession, custody or control, or within the possession, custody or control of your attorneys, investigators, agents, employees or other representatives.

2.     Electronically stored information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligibly.

3.     Produce entire documents, including attachments, enclosures, cover letters, memoranda, and appendices.  All documents shall be produced in the order and in the manner that they are kept in the usual course of business, or organized and labeled to correspond with the

4

categories of these requests. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label or other means of identification of such cover or other container shall be attached to the document. Each document is to be produced along with all drafts, without abbreviation or redaction. To the extent documents are maintained in both hard copy and electronic form, produce both forms.

4.     For any document or thing otherwise responsive to these requests that you withhold on the grounds of attorney/client privilege, work product immunity, or some other privilege or immunity, provide a privilege log that provides sufficient detail to enable the claim of privilege or immunity to be adjudicated, including:

      a.     the identity of the document, communication, or thing, including the exact name and title of the document, and the number of pages, attachments, or appendices to the document, and any serial or identification numbers appearing on the document;

      b.     a general description of the document, communication, or thing;

      c.     the name of the writer, sender, or initiator of the document, communication, or thing;

      d.     the name of all recipients of the document (including the addressees and any indicated or blind copies) or persons present at the communication;

      e.     the date of the document, communication, or thing; and

      f.     the reason(s) for each objection or claim of privilege.

5.     If no documents or things are responsive to a particular request, state that no responsive documents or things exist.

6.     Any redacted document should be clearly stamped with the word "REDACTED," and the portions redacted should be clearly indicated and included within a privilege log.

7.     In the event you claim a request is overbroad, you shall produce documents and things responsive to that portion of the request that you believe is unobjectionable and

5

specifically identify the respect in which the request is allegedly overbroad.  If you contend a request, definition, or instruction is vague or ambiguous, you should identify what language you consider ambiguous and state the interpretation you are using in responding.

8.     If you or your attorney know of the existence, past or present, of a requested Document but such Document is not currently in your possession, custody, or control, or in the possession, custody, or control of your agents, representatives, or attorneys, identify the Document and the individual in whose possession, custody, or control the Document was last known to reside.  For a Document that no longer exists or that cannot be located, identify the Document, state how and when it passed out of existence, or when it could no longer be located, and the reason for the disappearance.  Also, identify each Person having knowledge about the disposition or loss of the Document, and identify any other Document evidencing the lost Document's existence or any facts about the lost Document.

9.     If, subsequent to service of a response or objection to any request, you obtain or become aware of further documents or things pertaining to said request, you are required to serve an amended response producing such documents or things, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

10.     Please take notice that these instructions are submitted for the purposes of discovery and are not to be taken as waiving any objections which that be made at trial to the introduction of evidence on subjects covered by these requests or as an admission at the trial of the relevance or materiality of any of the matters covered by these requests.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Documents constituting or evidencing Communications between Rutherford, on the one hand, and any Person employed by or associated in any way with Dynamic Geo, Acacia, Acacia Technologies, Acacia Research Group, Collins Edmonds and/or Austin Geo, on the other hand, concerning Schlumberger, Petrel and/or this Litigation.

### REQUEST FOR PRODUCTION NO. 2:

Documents constituting or evidencing Communications between Rutherford, on the one hand, and any Person employed by or associated in any way with Dynamic Geo, Acacia, Acacia Technologies, Acacia Research Group, Collins Edmonds and/or Austin Geo, on the other hand, concerning claim construction, validity, willfulness, and/or a reasonable royalty with respect to the '319 Patent.

### REQUEST FOR PRODUCTION NO. 3:

Documents constituting or evidencing Communications between any Person employed by or associated in any way with Dynamic Geo, Acacia, Acacia Technologies, and/or Acacia Research Group (other than Rutherford), on the one hand, and Collins Edmonds, on the other hand, concerning Schlumberger, Petrel and/or this Litigation.

### REQUEST FOR PRODUCTION NO. 4:

Documents constituting or evidencing Communications between any Person employed by or associated in any way with Dynamic Geo, Acacia, Acacia Technologies, and/or Acacia Research Group (other than Rutherford), on the one hand, and Collins Edmonds, on the other hand, concerning claim construction, validity, willfulness, and/or a reasonable royalty with respect to the '319 Patent.

### REQUEST FOR PRODUCTION NO. 5:

Documents constituting or evidencing Communications involving any Person employed by or associated in any way with Dynamic Geo, Acacia, Acacia Technologies, Acacia Research Group, Collins Edmonds and/or Austin Geo concerning Rutherford's participation in this Litigation.

**REQUEST FOR PRODUCTION NO. 6:**

Documents constituting or evidencing Communications involving any Person employed by or associated in any way with Dynamic Geo, Acacia, Acacia Technologies, Acacia Research Group, Collins Edmonds and/or Austin Geo concerning Rutherford's participation in the decision to acquire rights in the '319 Patent.

**REQUEST FOR PRODUCTION NO. 7:**

Documents constituting or evidencing Communications involving any Person employed by or associated in any way with Dynamic Geo, Acacia, Acacia Technologies, Acacia Research Group, Collins Edmonds and/or Austin Geo concerning Rutherford's participation in the decision to sue Schlumberger on the '319 Patent.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show the organizational structure of Dynamic Geo, Acacia, Acacia Technologies, and Acacia Research Group including, but not limited to, Documents that identify the officers, directors, managers, agents, consultants, contractors, employees, attorneys, predecessors, successors, parent, subsidiaries, divisions, affiliates, assigns and representatives, and any person or entity, past or present, acting on behalf of Dynamic Geo, Acacia, Acacia Technologies, and/or Acacia Research Group.

**REQUEST FOR PRODUCTION NO. 9:**

Documents constituting or evidencing Communications involving any Person employed by or associated in any way with Dynamic Geo, Acacia, Acacia Technologies, Acacia Research Group, Collins Edmonds and/or Austin Geo concerning Rutherford prior to the beginning of Rutherford's employment with Acacia, Acacia Technologies and/or Acacia Research Group on June 3, 2013.

1134806

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| Dynamic 3D Geosolutions LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:14-cv-00112-LY |
| Schlumberger Limited (Schlumberger N.V.) et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Matthew Vella, 500 Newport Center Drive, 7th Floor, Newport Beach, CA  92660

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:       See Exhibit A attached hereto.

| Place: Latham & Watkins, LLP | Date and Time: |
|---|---|
| 650 Town Center Drive, 20th Floor Costa Mesa, CA  92626-1925 | 10/02/2014 3:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/11/2014

CLERK OF COURT

                                                                     OR   *Paige A Amstutz*
_____                                    _____
*Signature of Clerk or Deputy Clerk*                                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   **Defendants**
Schlumberger Limited (Schlumberger N.V.) et al. _____ , who issues or requests this subpoena, are:
Paige Arnette Amstutz, 600 Congress Avenue, Suite 1500, Austin, TX  78701, pamstutz@scottdoug.com, 512-495-6343

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:14-cv-00112-LY

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____     on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____          _____
                                              *Server's signature*

                                      _____
                                              *Printed name and title*


                                      _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DEFINITIONS**

1.      "Litigation" means Civil Action 1:14-cv-00112-LY; *Dynamic 3D Geosolutions LLC v. Schlumberger Limited (Schlumberger N.V.), Schlumberger Holdings Corporation and Schlumberger Technology Corporation*; In the United States District Court for the Western District of Texas, Austin Division.

2.      "Schlumberger" means Schlumberger Limited and all of its subsidiaries, and any person or entity acting, or purporting to act, on behalf of Schlumberger including, but not limited to, all officers, directors, employees, agents, consultants, attorneys and predecessors of Schlumberger.

3.      "Petrel" refers to any version of Schlumberger's Petrel E&P software product, including any patents assigned to Schlumberger.

4.      "Dynamic Geo" and "Plaintiff" mean Dynamic 3D Geosolutions LLC and any person or entity acting, or purporting to act, on behalf of Dynamic Geo including, but not limited to, all officers, directors, managers, agents, consultants, contractors, employees, attorneys, predecessors, successors, parent, subsidiaries, divisions, affiliates, assigns and representatives.

5.      "Rutherford" means Charlotte H. Rutherford and any representative acting, or purporting to act, on her behalf including, but not limited to, all agents, employees, attorneys, consultants, and other representatives.

6.      "Collins Edmonds" means Collins, Edmonds, Pogorzelski, Schlather & Tower, PLLC and any person or entity acting, or purporting to act, on behalf of Collins Edmonds including, but not limited to, all officers, directors, managers, agents, consultants, contractors, employees,

attorneys, predecessors, successors, parent, subsidiaries, divisions, affiliates, assigns and representatives.

7.     "Acacia" means Acacia Research Corporation and any person or entity acting, or purporting to act, on behalf of Acacia including, but not limited to, all officers, directors, managers, agents, consultants, contractors, employees, attorneys, predecessors, successors, parent, subsidiaries, divisions, affiliates, assigns and representatives.

8.     "Acacia Technologies" means Acacia Technologies LLC and any person or entity acting, or purporting to act, on behalf of Acacia Technologies including, but not limited to, all officers, directors, managers, agents, consultants, contractors, employees, attorneys, predecessors, successors, parent, subsidiaries, divisions, affiliates, assigns and representatives.

9.     "Acacia Research Group" means Acacia Research Group LLC and any person or entity acting, or purporting to act, on behalf of Acacia Research Group including, but not limited to, all officers, directors, managers, agents, consultants, contractors, employees, attorneys, predecessors, successors, parent, subsidiaries, divisions, affiliates, assigns and representatives.

10.    "Austin Geo" means Austin GeoModeling, Inc. and any person or entity acting, or purporting to act, on behalf of Austin Geo including, but not limited to, all officers, directors, managers, agents, consultants, contractors, employees, attorneys, predecessors, successors, parent, subsidiaries, divisions, affiliates, assigns and representatives.

11.    "'319 Patent" means U.S. Patent No. 7,986,319.

12.    "Document(s)" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules

of Evidence. "Document(s)" includes all written or recorded materials of any nature whatsoever, and further encompasses all things and matters included, defined, or listed in the Federal Rules of Civil Procedure and/or Federal Rules of Evidence.

"Document(s)" also includes, but is not limited to, all originals, non-identical copies and drafts, however produced or reproduced, whether sent, received or neither, of any of the following items: papers; letters; objects; tangible things; correspondence; memoranda; records; statements; reports or recordings of telephone or other conversations; summaries of conversations or interviews; minutes or records of meetings or conferences; opinions or reports of consultants; projections; summaries; statistical statements; account statements; financial statements; manuals; contracts; agreements; confirmations; telegrams; telexes; books; notes; notations; reports; logs; analyses; ledgers; checks; print-outs; telephone records; diaries; calendars; tape or video or other recordings; videotapes; charts; photographs; phonographs; notebooks; drawings; plans; electronic mail (e-mail); instant messages (IMs); computer disks; computer tapes; computer programs; electronic storage systems; and any other data compilations from which information may be obtained in any way.

"Document(s)" also means an authentic copy where the original is not in your possession, custody or control, and every non-identical draft and/or copy of any Document(s). If a draft Document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical Document is a separate Document.

13.     "Thing(s)" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(B) of the Federal Rules of Civil Procedure.

14.    "Person" or "Entity" and their plural forms include, without limitation, natural persons, law firms, partnerships, corporations, associations, and any other legal entities and divisions, departments, or other units thereof.

15.    "Communication(s)" means the transmittal of information (in the form of facts, ideas, data, inquiries, drafts, or otherwise) examples of which include, but are not limited to, any inquiry, discussion, conversation, agreement, undertaking, meeting, telephone conversation, letter, note, facsimile, telegram, telex, e-mail, internet postings, ftp or http transmissions, or other form of information exchange, whether oral, written, or electronic.

16.    "Constituting," "evidencing" and "concerning" mean describing, discussing, evidencing, concerning, reflecting, comprising, illustrating, containing, embodying, constituting, analyzing, stating, identifying, referring to, dealing with, or in any way pertaining to.

17.    The singular shall include the plural and vice versa, and the conjunctive shall include the disjunctive and vice versa, in order to give these requests their broadest scope.

## INSTRUCTIONS

1.    Produce all responsive documents in your possession, custody or control, or within the possession, custody or control of your attorneys, investigators, agents, employees or other representatives.

2.    Electronically stored information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligibly.

3.    Produce entire documents, including attachments, enclosures, cover letters, memoranda, and appendices. All documents shall be produced in the order and in the manner that they are kept in the usual course of business, or organized and labeled to correspond with the

4

categories of these requests. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label or other means of identification of such cover or other container shall be attached to the document. Each document is to be produced along with all drafts, without abbreviation or redaction. To the extent documents are maintained in both hard copy and electronic form, produce both forms.

    4.    For any document or thing otherwise responsive to these requests that you withhold on the grounds of attorney/client privilege, work product immunity, or some other privilege or immunity, provide a privilege log that provides sufficient detail to enable the claim of privilege or immunity to be adjudicated, including:

        a.    the identity of the document, communication, or thing, including the exact name and title of the document, and the number of pages, attachments, or appendices to the document, and any serial or identification numbers appearing on the document;

        b.    a general description of the document, communication, or thing;

        c.    the name of the writer, sender, or initiator of the document, communication, or thing;

        d.    the name of all recipients of the document (including the addressees and any indicated or blind copies) or persons present at the communication;

        e.    the date of the document, communication, or thing; and

        f.    the reason(s) for each objection or claim of privilege.

    5.    If no documents or things are responsive to a particular request, state that no responsive documents or things exist.

    6.    Any redacted document should be clearly stamped with the word "REDACTED," and the portions redacted should be clearly indicated and included within a privilege log.

    7.    In the event you claim a request is overbroad, you shall produce documents and things responsive to that portion of the request that you believe is unobjectionable and

5

specifically identify the respect in which the request is allegedly overbroad. If you contend a request, definition, or instruction is vague or ambiguous, you should identify what language you consider ambiguous and state the interpretation you are using in responding.

8.     If you or your attorney know of the existence, past or present, of a requested Document but such Document is not currently in your possession, custody, or control, or in the possession, custody, or control of your agents, representatives, or attorneys, identify the Document and the individual in whose possession, custody, or control the Document was last known to reside. For a Document that no longer exists or that cannot be located, identify the Document, state how and when it passed out of existence, or when it could no longer be located, and the reason for the disappearance. Also, identify each Person having knowledge about the disposition or loss of the Document, and identify any other Document evidencing the lost Document's existence or any facts about the lost Document.

9.     If, subsequent to service of a response or objection to any request, you obtain or become aware of further documents or things pertaining to said request, you are required to serve an amended response producing such documents or things, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

10.    Please take notice that these instructions are submitted for the purposes of discovery and are not to be taken as waiving any objections which that be made at trial to the introduction of evidence on subjects covered by these requests or as an admission at the trial of the relevance or materiality of any of the matters covered by these requests.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Documents constituting or evidencing Communications between Rutherford, on the one hand, and any Person employed by or associated in any way with Dynamic Geo, Acacia, Acacia Technologies, Acacia Research Group, Collins Edmonds and/or Austin Geo, on the other hand, concerning Schlumberger, Petrel and/or this Litigation.

### REQUEST FOR PRODUCTION NO. 2:

Documents constituting or evidencing Communications between Rutherford, on the one hand, and any Person employed by or associated in any way with Dynamic Geo, Acacia, Acacia Technologies, Acacia Research Group, Collins Edmonds and/or Austin Geo, on the other hand, concerning claim construction, validity, willfulness, and/or a reasonable royalty with respect to the '319 Patent.

### REQUEST FOR PRODUCTION NO. 3:

Documents constituting or evidencing Communications between any Person employed by or associated in any way with Dynamic Geo, Acacia, Acacia Technologies, and/or Acacia Research Group (other than Rutherford), on the one hand, and Collins Edmonds, on the other hand, concerning Schlumberger, Petrel and/or this Litigation.

### REQUEST FOR PRODUCTION NO. 4:

Documents constituting or evidencing Communications between any Person employed by or associated in any way with Dynamic Geo, Acacia, Acacia Technologies, and/or Acacia Research Group (other than Rutherford), on the one hand, and Collins Edmonds, on the other hand, concerning claim construction, validity, willfulness, and/or a reasonable royalty with respect to the '319 Patent.

### REQUEST FOR PRODUCTION NO. 5:

Documents constituting or evidencing Communications involving any Person employed by or associated in any way with Dynamic Geo, Acacia, Acacia Technologies, Acacia Research Group, Collins Edmonds and/or Austin Geo concerning Rutherford's participation in this Litigation.

1134806

**REQUEST FOR PRODUCTION NO. 6:**

Documents constituting or evidencing Communications involving any Person employed by or associated in any way with Dynamic Geo, Acacia, Acacia Technologies, Acacia Research Group, Collins Edmonds and/or Austin Geo concerning Rutherford's participation in the decision to acquire rights in the '319 Patent.

**REQUEST FOR PRODUCTION NO. 7:**

Documents constituting or evidencing Communications involving any Person employed by or associated in any way with Dynamic Geo, Acacia, Acacia Technologies, Acacia Research Group, Collins Edmonds and/or Austin Geo concerning Rutherford's participation in the decision to sue Schlumberger on the '319 Patent.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show the organizational structure of Dynamic Geo, Acacia, Acacia Technologies, and Acacia Research Group including, but not limited to, Documents that identify the officers, directors, managers, agents, consultants, contractors, employees, attorneys, predecessors, successors, parent, subsidiaries, divisions, affiliates, assigns and representatives, and any person or entity, past or present, acting on behalf of Dynamic Geo, Acacia, Acacia Technologies, and/or Acacia Research Group.

**REQUEST FOR PRODUCTION NO. 9:**

Documents constituting or evidencing Communications involving any Person employed by or associated in any way with Dynamic Geo, Acacia, Acacia Technologies, Acacia Research Group, Collins Edmonds and/or Austin Geo concerning Rutherford prior to the beginning of Rutherford's employment with Acacia, Acacia Technologies and/or Acacia Research Group on June 3, 2013.

8