IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE SUBPOENAS TO GARY FISCHMAN AND ACACIA RESEARCH GROUP, LLC | § § § § |
| DYNAMIC 3D GEOSOLUTIONS, LLC  Plaintiff, | § § § |
| v. | §  CASE NO. 1:14-CV-00967-LY |
| SCHLUMBERGER LIMITED (SCHLUMBERGER N.V.); SCHLUMBERGER HOLDINGS CORPORATION; AND SCHLUMBERGER TECHNOLOGY CORPORATION  Defendants. | § § § § § § § § § |

### GARY FISCHMAN'S AND ACACIA RESEARCH GROUP, LLC'S REPLY IN SUPPORT OF THEIR JOINT MOTION TO QUASH SUBPOENAS AND JOINT MOTION FOR SANCTIONS

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE MARK LANE:

COMES NOW Third party movants Acacia Research Group, LLC ("ARG") and ARG employee Gary Fischman (collectively, "ARG-Fischman) and respectfully submit this reply brief in support of their Joint Motion to Quash the subpoenas issued to them by defendant Schlumberger Limited ("Schlumberger").

This brief, and a hearing on ARG-Fischman's Motion, would be unnecessary but for Schlumberger's repeated refusals to take 'Yes' for an answer. In Houston last Friday, October 31, 2014, Judge Ellison heard a similar motion to quash an identical subpoena served on Mr. Fischman's supervisor, Ms. Rutherford. A compromise was reached at the hearing that bears directly on the issues here. During that hearing, Schlumberger agreed to a substantially

narrowed and shorter set of requests for production (the "Rutherford Agreement") and abandoned its demand for stipulations of "fact" it had been seeking from Ms. Rutherford. ARG-Fischman promptly volunteered to respond to Schlumberger's subpoenas according to the scope reached by the Rutherford Agreement, but Schlumberger has rejected that proposal, instead seeking to obtain in this Court what it failed to secure in Houston.

Despite serving the same subpoenas on multiple third parties while seeking the same information through party discovery in the underlying patent case, Schlumberger now insists ARG-Fischman must respond to document requests broader than the Rutherford Agreement and stipulate to argumentative and inappropriate "facts" it believes will support a disqualification. But Schlumberger fails to articulate what information it expects to obtain from ARG-Fischman that would not be discovered from the plaintiff Dynamic 3D or from Rutherford.

ARG-Fischman's motion should be granted in its entirety or, alternatively, their discovery obligations should conform to the Rutherford Agreement.

## I. Last Friday, Schlumberger and Charlotte Rutherford—Mr. Fischman's Fellow ARG Employee Who Received an Identical Subpoena—Reached an Agreement In Open Court on a Pared Down Set of Production Requests.

The subpoena issued to Ms. Rutherford, around whom Schlumberger's motion to disqualify supposedly revolves, contained requests identical to those issued to Movants. At first, in exchange for agreeing to modify the subpoena to Ms. Rutherford, Schlumberger demanded that she stipulate to certain "facts" that Schlumberger had drafted for use at the hearing on the disqualification motion. Ms. Rutherford moved to quash the subpoena. The District Court in Houston heard argument on that motion October 31, 2014. During that hearing and on the record, Schlumberger and Rutherford entered into the Rutherford Agreement, which withdrew requests 3 and 4, and substantially narrowed requests 1, 2, 5, 6, 7, and 9. The Rutherford

Agreement is not contingent on any stipulations of fact.  (*Id*.)

The scope of discovery Schlumberger agreed to in Houston is consistent with Judge Yeakel's order allowing "reasonable" discovery pertaining to Schlumberger's disqualification motion.

II. **Before Schlumberger Filed its Opposition to Movants' Joint Motion to Quash, Movants Volunteered to be Bound by the Terms of Schlumberger's Agreement With Rutherford and Produce or Log Responsive, Non-Duplicative Documents.**

Without waiving their objections, ARG-Fischman told Schlumberger they would agree to respond to the subpoenas according to the agreed scope set forth in the Rutherford Agreement and promptly produce responsive, non-duplicative documents.  Movants even went a step further and volunteered to produce, in response to request no. 8, "documents sufficient to show the organizational structure of Dynamic 3D Geo and the nature of Dynamic 3D Geo's relationship with Acacia Research Group, LLC."  Schlumberger did not respond.

Instead, Schlumberger filed an opposition to ARG-Fischman's Motion late Monday claiming that it is only seeking "*one comprehensive production* of non-duplicative documents collectively from all subpoenaed entities and one comprehensive non-duplicative privilege log." Yet Schlumberger failed to describe the set of documents or information that it contends would fall within the scope of its requests to third parties ARG-Fischman and not already within the scope of the Rutherford Agreement or party discovery directed to Dynamic 3D.

III. **Schlumberger's Refusal to Accept ARG-Fischman's Voluntary Commitment Is Unjustified; Through the Rutherford Agreement, Schlumberger Has Acknowledged That the Original Requests Were Overbroad or Unnecessary.**

Instead of accepting the "one comprehensive production" on the table, Schlumberger demanded that ARG-Fischman stipulate to several "facts" that Schlumberger had drafted in support of its disqualification motion.  Putting aside the impropriety of demanding third-party

stipulations, Schlumberger's proposed stipulations are factually inaccurate or irrelevant. For example, Schlumberger demanded ARG-Fischman stipulate that ARG assist in and share responsibility for the representation of the plaintiff Dynamic 3D and to having engaged in "dozens of substantive conversations and communications" concerning other infringement actions Dynamic 3D has filed. These stipulations are inappropriate and inaccurate.

Schlumberger has argued that it required the stipulations because "ARG and Fischman are uniquely situated to stipulate to facts that involve ARG's and Fischman's activity related to the patent and the lawsuit," suggesting, erroneously, that stipulations of fact require personal knowledge of those stipulating. Of course, there is no such requirement; the point of factual stipulations is to forego *any* form of proof on a material issue. The litigants themselves are capable of stipulating to anything they can agree on. Schlumberger's continued insistence on stipulations from third parties ARG and Mr. Fischman is a form of Schlumberger's continuing and unnecessary harassment.

While the parties have continued to discuss a compromise, Schlumberger has yet to articulate to ARG-Fischman the information delta it contends exists that requires ARG-Fischman's compliance with the subpoenas in view of Schlumberger's representation that it does not seek duplicative discovery. The only issue not resolved by the Rutherford Agreement and arguably appropriate for ARG-Fischman is Schlumberger's request no. 8.

Request no. 8, according to Schlumberger's most recent proposal, seeks "[d]ocuments sufficient to show the identities of the officers, directors, attorneys, parents, and subsidiaries of the Acacia Persons and Entities REFERRED TO OR IDENTIFIED BY AN DOCUMENTS PRODUCED OR LISTED ON A PRIVILEGE LOG BY" Dynamic 3D or any third party that

produces documents "as well as the reporting relationships among those persons or entities."[1] As documented in the declaration of ARG's Chief Financial Officer Clayton Haynes (attached as Exhibit A), ARG has more than 200 wholly-owned subsidiaries that, collectively, own or control thousands of different patents that have nothing to do with this case.  (Haynes Decl. ¶ 5-6) Collecting from each such subsidiary the information sought would require between 50 and 100 man-hours, if not more.  (*Id*. at ¶ 6)

Movants proposed a compromise for request no. 8, offering "to confirm the following in writing:  The ownership interest (or lack thereof) in the patent by any entity other than Dynamic 3D; the nature of ARG's relationship with Dynamic 3D; and the officers and directors of ARG and Dynamic 3D during the time period you've identified."  Schlumberger has not accepted this compromise.

ARG-Fischman have advised Schlumberger of their willingness to proceed under the Rutherford Agreement and their compromise on Schlumberger's request no. 8.  This agreement would end the discovery dispute.  Schlumberger's refusal suggests an effort to reach beyond the scope of the Rutherford Agreement for another bite at the apple on discovery that it could not obtain in last week's Houston proceeding.

---

[1] This "proposal" from Schlumberger was very similar to one it had made to Movants before. Schlumberger made its first, and only, pre-motion proposal to modify its subpoenas to ARG and Mr. Fischman on October 13, 2014.  The proposal arrived about one week after Movants had invited a proposal to narrow the requests on the parties' first meet and confer call—a call that Movants asked for—and about two hours before the parties' scheduled call to conclude their meet and confer efforts.  As a result, Movants' counsel hardly had time to skim the proposal before the call, and was unable to consult with Movants about it at all before the call.  It did not take long, however, to realize that the proposal was objectively unreasonable.  In addition to refusing any meaningful narrowing of the subpoena's scope, the proposal made any narrowing contingent on stipulated "facts" *identical* to the improper ones Schlumberger insists upon now.

Dated:  November 5, 2014	Respectfully submitted,

**TAYLOR DUNHAM AND RODRIGUEZ LLP**
301 Congress Ave., Suite 1050
Austin, Texas  78701
512.473.2257 Telephone
512.478.4409 Facsimile

By:	/s/ Miguel S. Rodriguez
	Cabrach J. Connor
	State Bar No. 24036390
	Email: cconnor@taylordunham.com
	David E. Dunham
	State Bar No. 06227700
	Email:  ddunham@taylordunham.com
	Miguel S. Rodriguez
	State Bar No. 24007938
	Email:  mrodriguez@taylordunham.com

**STRADLING YOCCA CARLSON & RAUTH, P.C.**
Marc J. Schneider (*pro hac pending*)
CA State Bar No. 214609
Travis P. Brennan (*pro hac pending*)
CA State Bar No. 238119
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Facsimile: (949) 725-4100
Email:  mschneider@sycr.com
Email:  tbrennan@sycr.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(1) this 5th day of November, 2014.

Steve McConnico
Email: smcconnico@scottdoug.com
Paige Arnette Amstutz
Email: pamstutz@scottdoug.com
Steve Wingard
Email: swingard@scottdoug.com
**SCOTT, DOUGLASS & MCCONNICO, L.L.P.**
600 Congress Avenue, Suite 1500
Austin, Texas 78701
512.495.6300 (phone)
512.474.0731 (facsimile)

*COUNSEL FOR DEFENDANTS*
*SCHLUMBERGER HOLDINGS CORPORATION*
*SCHLUMBERGER TECHNOLOGY CORPORATION,*
*SCHLUMBERGER LIMITED (SCHLUMBERGER N.V.)*

Henry Pogorzelski
Email: hpogorzelski@cepiplaw.com
John J. Edmonds
Email: jedmonds@cepiplaw.com
Shea Neal Palavan
Email: spalavan@cepiplaw.com
**COLLINS EDMONDS POGORZELSKI SCHLATHER & TOWER PLLC**
1616 S. Voss Road, Suite 125
Houston, TX 77057
281.501.3425 (phone)
832.415-2535 (facsimile)

Matthew M Zarghouni
Email: matt@fombylaw.com
**FOMBY & ZARGHOUNI LLC**
4669 Southwest Freeway, Ste 575
Houston, TX 77027
281.310.0902 (phone)
832.201.8781 (facsimile)

*COUNSEL FOR PLAINTIFF*
*DYNAMIC 3D GEOSOLUTIONS LLC*

/s/ Miguel S. Rodriguez
Miguel S. Rodriguez

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE SUBPOENAS TO GARY FISCHMAN AND ACACIA RESEARCH GROUP, LLC<br><br>DYNAMIC 3D GEOSOLUTIONS, LLC<br>    Plaintiff,<br><br>v.<br><br>SCHLUMBERGER LIMITED (SCHLUMBERGER N.V.); SCHLUMBERGER HOLDINGS CORPORATION; AND SCHLUMBERGER TECHNOLOGY CORPORATION<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CASE NO. 1:14-CV-00967-LY |

## DECLARATION OF CLAYTON HAYNES

I, Clayton Haynes, declare and state as follows:

1. I am an individual over the age of eighteen. I am not a party to this miscellaneous proceeding. I have personal knowledge of the facts set forth in this Declaration and, if called to testify as a witness thereto, I could and would competently do so.

2. I am the Chief Financial Officer of Acacia Research Group, LLC ("ARG"), and have been since its inception. I am also the Chief Financial Officer of ARG's public corporate parent and holding company Acacia Research Corporation ("Acacia"). As Chief Financial Officer of those companies, I am responsible for, among other things, preparing consolidated financial statements that reflect the financial performance of ARG and the combined performance of its wholly-owned subsidiaries. There are currently more than 200 such subsidiaries. As of January 2013, ARG had no fewer than 170 such subsidiaries. Each ARG

subsidiary owns rights in one or more unique patent portfolios and generates revenue through licensing or enforcing those rights. In almost every case, the subsidiary has duties and obligations to one or more third parties who have a right to share in the ongoing revenues generated from the subsidiary's patents. ARG's subsidiaries own or control thousands of patents.

3. Dynamic 3D Geosolutions, LLC ("Dynamic 3D") is one of ARG's wholly owned subsidiaries, and has been since its formation.

4. ARG acquired rights under U.S. Patent No. 7,986,319 (the "Patent"). ARG subsequently assigned those rights to Dynamic 3D. At no time has any other entity affiliated with ARG owned those rights or taken any steps to enforce those rights.

5. Each ARG subsidiary, including Dynamic 3D, has a board of directors and one or more officers. ARG licensing executives, who are typically attorneys, are contracted to the various subsidiaries to provide legal advice in connection with licensing or enforcing the subsidiaries' assets. Each subsidiary that is considering an action for infringement of its patents engages outside legal counsel.

6. Requiring ARG to disclose the identities of each of its subsidiaries (other than Dynamic 3D) since January 2013 would require disclosure of more than 200 private companies that have never held any interest in the Patent and have no connection to the Patent. ARG treats the collective identities of its subsidiaries, and the identities of patents those subsidiaries own or control, as highly confidential business information that is not generally accessible to third parties. Disclosing other information relating to each entity, such as the identities of each entity's officers, directors, and attorneys would require ARG to review extensive documentation concerning its subsidiaries' corporate histories and each of the subsidiaries' engagements of legal

counsel, all of which would have no connection to the Patent. Considering that there are more than 200 ARG subsidiaries, I conservatively estimate that such a task would require at least between 50 and 100 man-hours. Disclosure of further information about the relationships between such individuals would require additional time.

    I declare under penalty of perjury that the foregoing is true and correct.

_____
Clayton Haynes

Signed this __5th__ day of November, 2014.